THE PEOPLE, &c., ON THE EXCHANGE BANK, v. THOMAS H. CAMPBELL, Auditor, &c.

APPLICATION FOR A MANDAMUS.

The quarterly statements to the auditor, required under the General Banking Law, must come to his hands before the twenty days expire; or a loss of the franchise will be the penalty.

THE application for a mandamus against the auditor, to compel him to accept the report of the Exchange Bank, stated the organization of the bank under the general law, that on the first Monday in July, 1853, a full statement of the affairs of the bank, as they existed at that day, was made out, verified as the law requires, that it was published as the law requires in one of the newspapers of the city of Chicago. That this statement, by some casualty or omission, was not deposited in the post-office until the 19th of July, 1853, which was received by the auditor on the 21st of July. That the auditor, because said statement was not received on or before the 20th of July, refuses to file the same, and insists that the franchise of the bank is forfeited.

There was a prayer that the auditor be commanded to file the report, &c. The auditor answered, admitting the facts stated, and agreed, that if the statement had been deposited in the post-office in time to reach Springfield by due course of mail, and owing to accidental delay of mails, the same did not reach the auditor on or before the twentieth day of the month, that then the same should be accepted and filed, and that the forfeiture of the franchises of the bank could not be enforced.

T. S. HAYES, for relators.

E. W. TRACEY, for the auditor.

TREAT, C. J. The 34th and 35th sections of the "Act to establish a general system of banking," are as follows : " Section 34. Every banking association or individual banker who shall hereafter carry on banking business under the provisions of this act, shall make out and transmit to the auditor of State, a full statement of its affairs, as they existed on the first Monday of January, April, July, and October of each year, verified by the oath of its president and cashier; which statement shall be deposited in the office of said auditor, by the twentieth day

of each of said months in each year; which statement shall be published, quarterly, in the nearest newspaper; and such statement shall contain, — 1. The amount of capital stock of the association or individual banker, paid in and invested according to law.  2. The value of the real estate, specifying what portion is occupied by the association or individual banker for the transaction of business.  3. The debts owing to the association or individual banker, and the date and amount of each bill or note discounted, and when the same was made payable. 4. The amount of debts owing by the association or individual banker, and the amount deposited in other banks.  5. The amount of notes or bills, then in circulation, of said association or banker; of loans and discounts, and specie on hand; what amount of notes of other banks is held by such banker or association.  6. The amount of suspended debt held by such association or banker."

"Section 35. Every association, or individual banker, that shall neglect or refuse to make out and transmit the statement required in the —— section of this act, shall be restrained from the further prosecution of the banking business, and shall forthwith go into liquidation."

These provisions require each bank, once in three months, to make out a full statement of its affairs, verified by the oaths of its president and cashier; and deposit it in the office of the auditor, and publish a copy thereof in the nearest newspaper. The object of this requisition is, that the public and the auditor and bank commissioners may be fully advised of the real condition of the banks.  The public obtain this information from the published statements; and the commissioners and auditor derive it from the returns made to the latter.  These officers possess important powers in reference to the banks; and these returns are required to enable them more efficiently to discharge their duties.  The statement represents the condition of a bank on the first Monday of the month.  It may therefore be prepared and forwarded to the auditor as soon as that day arrives. But the law gives a bank until the 20th day of the month, within which to make the return to the auditor.  This affords ample time for the purpose.  The return must be made within that time.  It is not complete until the statement is lodged in the office of the auditor.  It is not enough to put it in the course of transmission thither, but it must be actually transmitted to the office.  It is no more a compliance with this direction to mail the statement to the auditor, than is the sending of money by mail to a creditor, a payment of a debt.  The debt is not paid unless the money is received by the creditor;

34 *

nor is the obligation of the bank discharged unless the statement comes to the hands of the auditor within the time limited. It is the business of the bank to have the statement deposited with the auditor. The bank may select any mode of doing it; but it must be at its own risk. The words transmit and deposit are evidently used, and not inappropriately, to signify the same thing. This requirement of the law is not merely directory. The officers of a bank have no discretion in the matter. If the return is not made within the time specified, the bank is to be restrained from the further prosecution of banking business, and forthwith go into liquidation. The loss of its franchise is the penalty for not making the return. This shows conclusively, that the requirement was intended to be compulsory.

In this case, the statement of the relator did not reach the auditor until the twenty-first day of the month. He was not then bound to receive and file it. Whether, in his discretion, he might not have treated the return as duly made, is a question that we are not called upon to decide. It is very clear that he cannot be compelled to do it. It is the opinion of the court, that the auditor is not bound to receive and file the quarterly statement of a bank, presented to him after the twentieth day of the month.

The application for a mandamus is denied.

*Application denied.*